IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:13-CR-72 |
| | ) | |
| HEAVENLY NAYQWUAN SOVEREIGNTY, | ) | |
| | ) | |
| a/k/a "MICHAEL TROY SMALLWOOD," | ) | |
| a/k/a "SHORTBREAD," | ) | |
| a/k/a "HEAVEN," | ) | |
| a/k/a "RELIK," | ) | |
| a/k/a "SMALLS," | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant, Heavenly Nayqwuan Sovereignty, agree that had this matter proceeded to trial, the United States would have proven the facts set forth herein beyond a reasonable doubt.

1. Between approximately July 2011 and March 2012, within the Eastern District of Virginia and elsewhere, Sovereignty unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with others to distribute cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. Sovereignty is a member of the Nine Trey Gangsters ("NTG") criminal street gang, a set of the United Blood Nation.

3. NTG is organized into "line-ups." There are at least three active line-ups in Virginia. Each line-up is run by a "High Stain," a "Low Stain," and generals. The lowest ranking members are soldiers. The NTG line-ups report to two "Godfathers," both of whom are located in New York.

4. Sovereignty is a member of the Virginia-Maryland-District of Columbia line-up and holds the rank of four-star general. As such, Sovereignty was responsible for, among other things, collection of dues and discipline.

5. Sovereignty, and nearly every other member of NTG, is involved in the sale of narcotics. Proceeds from those sales are often used to pay gang dues, which fund gang activities and benefit higher ranking members.

6. During portions of the conspiracy, Sovereignty sold, on average, approximately one ounce of crack cocaine per week.

7. On or about March 22, 2012, April 18, 2012, May 1, 2012, and June 14, 2012, Sovereignty sold a total of approximately 23 grams of crack cocaine to a confidential source. A.E., a fellow gang member and co-conspirator, participated in some of these sales along with Sovereignty.

8. During the course of the conspiracy, Sovereignty and fellow gang members and co-conspirators R.D. and L.R. obtained narcotics from a supplier for further distribution.

9. On October 10, 2012, officers from the Fairfax County Police Department stopped a vehicle driven by Sovereignty. Officers recovered approximately 14 grams of crack cocaine that Sovereignty had purchased in Washington, D.C. and intended to re-sell in the Commonwealth of Virginia.

10. Sovereignty was personally involved in the distribution of, and it was reasonably foreseeable to Sovereignty that his co-conspirators would distribute in furtherance of the conspiracy, at least 840 grams, but less than 2.8 kilograms of crack cocaine.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant as recounted above were in all respects knowing and deliberate, and were not committed by accident, mistake, or other innocent reason.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: *[signature]*

Angela Mastandrea-Miller
Adam B. Schwartz
Marc J. Birnbaum
Attorneys for the United States of America

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Heavenly Nayqwuan Sovereignty and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Heavenly Nayqwuan Sovereignty
Defendant

I am counsel for Heavenly Nayqwuan Sovereignty. I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
William J. Viverette, Esq.
Counsel for Heavenly Nayqwuan Sovereignty