# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

UNITED STATES OF AMERICA

v.                                                    3:13CR072-04

HEAVENLY NAYQWUAN SOVEREIGNTY

## <u>POSITION ON SENTENCING</u>

## <u>AND REQUEST FOR DOWNWARD VARIANCE</u>

Comes now the defendant, Heavenly Nayqwuan Sovereignty, by counsel, and files this Position on Sentencing to address the appropriate sentence in this case.

Mr. Sovereignty is asking this Court to consider a downward variance of two levels (from 324 to 405 months confinement to 262 to 327 months under the guidelines) to include such terms and conditions or combination of conditions sufficient to satisfy the interests of justice as set out and  specified in the Sentencing Guidelines.

Counsel has reviewed the presentence investigation report with the defendant, conferred with both Senior United States Probation Officer Susan A. Hushour and Assistant United States Attorney Andrea Mastandrea-Miller in order to resolve the defendant's objections to the presentence investigation report and the sentencing guidelines, and the defendant is prepared to proceed, without objection, with the sentencing hearing scheduled before the Court for July 10, 2013 at 9:30 a.m.

1

## POSITION ON SENTENCING AND REQUEST FOR DOWNWARD VARIANCE

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Federal Sentencing

Guidelines are advisory and court of appeals reviews sentences for reasonableness.  *See*

<u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005).  In <u>Rita v. United States</u>, 127

S. Ct. 2456 (2007), the Supreme Court stated that a district court should begin all

sentencing proceedings by correctly calculating the applicable Guideline range.  The district

court must then consider all of the factors listed in §3553(a) and determine if they support

the sentence requested by a party. "In so doing, he may not presume that the Guidelines

range is reasonable." <u>Gall v. United States</u>, 128 S. Ct. 586, 169 L.Ed.2d. 445 (2007) (citing

<u>Rita</u>).  "It has been uniform and constant in the federal judicial tradition for the sentencing

judge to consider every convicted person as an individual and every case as a unique study

in the human failings that sometimes mitigate, sometimes magnify, the crime and the

punishment to ensure." <u>Id</u>. (citing, <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996)).  In

addition, there is *no limitation* in concerning the background, character, and conduct of a

person convicted of an offense, which a court of the United States may receive and consider

for the purpose of imposing an appropriate sentence.  18 U. S. C. § 3661.

The Supreme Court's opinion in <u>Kimbrough v United States</u>, 128 S. Ct. 558, 169

L.Ed.2d. 481 (2007), and <u>Gall v. United States</u>, 128 S. Ct. 586, 169, L.Ed.2d. 445 (2007),

have effected an important change with respect to the law of federal sentencing, and shifted

far more discretionary authority into the hands of trial courts and away from the courts of

appeal.  In particular, the Court abrogated the view that the degree of appellate scrutiny of

sentencing decisions turns on how far the sentence differs from the advisory guideline

range. <u>Gall</u>, 128 S. Ct. 595-97.  In other words, the Supreme Court rejected "an appellate

rule that requires 'extraordinary' circumstances to justify a sentence outside the Guideline

range." Id. at 595.  On the contrary, "regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard" while giving "due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of the variance."  Id. at 597.

While sentencing courts must continue to *consider* the sentencing guidelines, Congress has *required* federal courts to impose the least amount of imprisonment necessary to accomplish the purpose of sentencing as set forth in paragraph 2 of §3553(a) of Title 18. Those factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following:  the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.  *See* 18 U.S.C. §3553(a).

Accordingly, as the Supreme Court further explained in Rita v. United States, 127 S. Ct. 2456(2007), a district court remains free to reject the advisory sentencing range "perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply," or, the Court Continued, "perhaps the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a difference sentence regardless." Id. at 2465; *see also* Kimborough, 128 S. Ct. 574-75 (noting that a "district court's decision to vary from the advisory Guidelines may attract the greatest respect when the sentencing judge finds a particular case 'outside the 'heartland' to which the Commission intends

individual Guidelines to apply'") (quoting <u>Rita</u>, 127 S. Ct. at 2465).  As such, according to the United States Supreme Court, a party may "contest the Guidelines sentence generally under §3553(a) – that is, [he may] argu[e] that the Guidelines reflect an unsound judgment." <u>Rita</u>, 127 S. Ct. at 2468.

In the instant case, Mr. Sovereignty asks that this Honorable Court to consider a two-level reduction of the Sentencing Guidelines, from 324 to 405 months imprisonment to 262 to 327 months of imprisonment.  Mr. Sovereignty recognizes the severity of his conduct and his culpability for his criminal activity.  He has been very open, honest and truthful with the numerous law enforcement authorities, agents, and attorneys with whom he has debriefed on numerous occasions.  He remains sincerely remorseful for his actions and how they have adversely affected his wife and co-defendant, Amanda Grace Ewell, and his four (4) daughters.

Pursuant to U.S.S.G. section 3B1.1(b), Mr. Sovereignty received a three (3) level increase as he was considered as being a manager or supervisor in the criminal activities of the NTG organization.  Mr. Sovereignty acknowledges being involved in the Manassas "line-up" of NTG, but was not actively involved in the activities of the other two line-ups which are also the subject of the conspiracy now before the Court.  Mr. Sovereignty respectfully suggests that because of his limited role in the overall conspiracy, he should be entitled to a downward departure and variance from the guidelines by two (2) levels such as to more accurately and fairly reflect his role.

Mr. Sovereignty continues to substantially assist in the investigation and prosecution of others who have been involved in the overall conspiracy.  He has repeatedly expressed to the numerous law enforcement authorities, agents, officers and attorneys whom have debriefed him that he desires to do all in his power to protect and assist his wife and

4

daughters such that his conduct and its adverse consequences to his family will be minimized and mitigated as much as possible within his control.  He seeks to take advantage of all opportunities available to him while incarcerated so that he can become and maintain himself as a law abiding, productive citizen and father upon his release.

WHEREFORE, HEAVENLY NAYQWUAN SOVEREIGNTY respectfully requests that this Honorable Court sentence him to a sentence that meets the ends of justice and is fair and reasonable after consideration of all appropriate and applicable factors.

## **CONCLUSION**

For these and any other reasons considered by this Honorable Court, the defendant requests a downward variance.

Respectfully submitted,

HEAVENLY NAYQWUAN SOVEREIGNTY

By: _____/s/_____
        William J. Viverette, Counsel

William J. Viverette
Attorney at Law
VSB # 35671
2819 N. Parham Road, Suite 110
Richmond, Virginia 23294
(804) 270-4614
(804) 270-4618 (fax)
Email: bill@viverettelaw.com

**<u>Certificate</u>**

I hereby certify that on this 26th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela Mastrandrea-Miller, Esquire
Assistant United States Attorney
600 E. Main St., Ste. 1800
Richmond, VA 23219
(email address:  Angela.Miller3@usdoj.gov)

And to:

Susan A. Hushour
Senior U.S. Probation Officer
Eastern District of Virginia
United States Courthouse, Suite 1150
701 E. Broad Street
Richmond, Virginia 23219
(email address:  Susan_Hushour@vaep.uscourts.gov)


_____/s/_____
                          William J. Viverette, Esquire
                          2819 N. Parham Road, Suite 110
                          Richmond, Virginia 23294
                          (804) 270-4614
                          (804) 270-4618 (fax)
                          Email: bill@viverettelaw.com