IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:13CR72-04-JRS** |
| | ) | |
| HEAVENLY N. SOVEREIGNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING POSITION

COMES NOW the United States of America, by its United States Attorney for the Eastern District of Virginia, Neil H. MacBride, and his Assistant United States Attorney, Adam B. Schwartz, and files its Sentencing Position in the above-captioned matter.

## INTRODUCTION

**Procedural History:**

On March 6, 2013, the defendant, Heavenly N. Sovereignty, was charged by criminal complaint, along with seven other defendants, with Conspiracy to Distribute 280 grams or more of Cocaine Base. The defendant was arrested on March 7, 2013 and was held in federal custody pending trial. On April 2, 2013, the defendant was charged by Indictment with the same offense. On April 9, 2013, in accordance with the terms of a written Plea Agreement, Sovereignty pled guilty to the drug conspiracy charge contained in Count One of the Indictment. Sentencing is scheduled for July 10, 2013 before this Honorable Court. In his plea agreement and statement of facts, the defendant agrees he distributed, or it was foreseeable to him that his co-conspirators would distribute at least 840 grams but less than 2.8 kilograms of cocaine base.

**Sentencing Position of the United States:**

The United States has no objections, corrections or amendments to the Presentence Report. The United States agrees with the calculation of the Advisory Guideline range in the Presentence Report and Worksheet Attachments, including the finding that the defendant qualifies as a career offender pursuant to United States Sentencing Guidelines, § 4B1.1, in that the defendant was at least 18 years old at the time he committed the instant offense; the instant offense is for a controlled substance offense; and the defendant has at least two prior convictions for crimes of violence or controlled substance offenses.

The probation officer has correctly determined that this defendant's base offense level for this drug charge is Level 36, and that the defendant's Criminal History category is VI, resulting in a guideline range of 324 to 405 months' incarceration, with a period of at least 5 years of supervised release to follow. The United States opposes the defendant's request for a downward variance and recommends a sentence within the advisory guideline range, and in support thereof states as follows:

1. <u>The PSR Correctly Determined the Defendant was a Manager or Supervisor under USSG § 3B1.1(b).</u>

The U.S. Probation Officer correctly determined that the defendant was a manager or supervisor in the criminal conspiracy. As he acknowledged in his signed statement of facts, the defendant was a ranking member of the Nine Trey Gangsters street gang and nearly every member of the gang sold narcotics. The proceeds of those illegal narcotics sales are often used to pay gang dues. The defendant acknowledged that his leadership position in the gang made him

responsible for the collection of dues which means he was, in essence, responsible for collecting drug proceeds to pass on the gang leadership. He also directly supervised his wife, Amanda Ewell, who sold narcotics on his behalf and Brynn Lackey, who drove him around as directed so that the defendant could complete narcotics sales and purchases.

    2.    <u>A Guideline Sentence is Consistent with the Goals of 18 U.S.C. §3553</u>

When sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a)(2005). See <u>United States v. Hughes</u>, 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

- (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B)   to afford adequate deterrence to criminal conduct;
- (C)   to protect the public from further crimes of the defendant; and
- (D)   to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

    A. <u>Seriousness of the Offense</u>

In this case, the defendant was convicted upon a plea of guilty of Conspiracy to Distribute 280 grams or more of Cocaine Base, and was held responsible for having distributed at least 840 grams but less than 2.8 kilograms of cocaine base during and in furtherance of the charged

offense. The charge and the defendant's admitted gang affiliation are undoubtedly extremely serious with far-reaching consequences for members of the community.

### B. Need to Deter Future Criminal Conduct and Promote Respect for the Law

This defendant embodies the term Career Offender and has proven that even significant prison sentences do not deter him. The PSR reveals a criminal history that begins with convictions at 18 and runs almost without interruption until his present age of 43. There are non-driving related convictions stemming from at least ten separate offense dates. Many of these convictions involve violence or controlled substances.

In 1988, the defendant was convicted of possession of controlled substances. In 1991, he was convicted of assault. In 1996, the defendant was convicted of possession of cocaine. Two years later, he was convicted of an aggravated assault in 1998. In 2001, he was sentenced to five years of incarceration after being convicted of multiple counts of assault and of burglary. Within six months of his release from incarceration, in 2006, the defendant was convicted of carjacking the same victim of his earlier burglary offense and sentenced to serve six years of incarceration. Despite eleven nearly-continuous years of incarceration, the defendant returned to criminal activity soon after his release from prison in 2011.

This defendant has been given numerous chances throughout his adult life to turn his life around, but he nonetheless has elected to engage in significant drug trafficking at this stage of his criminal career. The defendant has not demonstrated that he has respect for the law, and the likelihood that he will continue to engage in criminal conduct, as well as the defendant's disregard for the law, justify a sentence within the Career Offender advisory guideline range, and the United States urges this Court to impose such a sentence.

### C.  Need to Protect the Public from the Defendant's Future Criminal Conduct

The ease of obtaining illegal narcotics has contributed to an ever- increasing number of users and addicts. The increased trafficking of drugs has resulted in increased violence, particularly in densely populated urban areas. A sentence within the guideline range is appropriate based on the defendant's criminal history, his lack of respect for the law, and the need to protect the public from the defendant's future crimes. A sentence within the guideline range may also serve to deter others from following this defendant's decision to become a gang member and drug dealer.

Not one of the defendant's prior convictions –which have amounted to over 15 years spent in jail– has deterred him from continuing to engage in serious criminal activity. It is clear that absent a guideline term of imprisonment, this defendant will resume criminal activity upon his release from prison.

### D.  Need to Avoid Unwarranted Disparities

The defendant has spent nearly his entire adult life engaged in criminal activity, and his decision to engage in these illegal activities persisted even after he was convicted for violent offenses and sentenced to a significant term of incarceration. He is the first of his co-conspirators to be sentenced.  His criminal history has resulted in his designation as a Career Offender with a guideline range of 324 to 405 months' incarceration, to be followed by at least five years of supervised release. Sentencing the defendant to a term of incarceration within the Career Offender advisory guideline range will ensure that there is no unwarranted disparity between his sentence and other similarly situated drug traffickers.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully asks that, after considering the appropriate guideline range, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a), this Court sentence the defendant to a term of incarceration within the Career Offender advisory guideline range of 324 to 405 months' incarceration, to be followed by a term of at least five years of supervised release.

Respectfully submitted,

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By: _____/s/_____
Adam B. Schwartz
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone-703-299-3700
*email:* Adam.Schwartz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record for the defendant.

The United States will also provide a copy of the foregoing to Susan A. Hushour, United States Probation Officer, via e-mail and/or hand delivery.

_____/s/_____
Adam B. Schwartz
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone-703-299-3700
*email:* Adam.Schwartz@usdoj.gov