IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:13CR72
                                                Civil No. 3:23cv0201
HEAVENLY NAYQWUAN SOVEREIGNTY,

    Petitioner.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on May 26, 2017, this Court denied a 28 U.S.C. § 2255 motion filed by counsel for Heavenly Nayqwuan Sovereignty. On January 9, 2023, the Court received a Motion for Relief Fed. R. Civ. P. 60(d)(1) from Sovereignty. ("Rule 60(d) Motion, ECF No. 470.) As discussed below, this motion is yet another attempt to seek relief under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." 28 U.S.C. § 2244(b)(3)(A). The United States Court of Appeals for the Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Id.</u> at 207 (internal citations omitted).

Sovereignty does not raise procedural defects in this Court's § 2255 review process in his alleged Rule 60(d) Motion. Rather, Sovereignty continues to challenge his underlying conviction and sentence. His motion must, therefore, be treated as a successive § 2255 motion. <u>See</u> <u>id.</u> see <u>Gonzalez v. Crosby</u>, 545 U.S. 524,

2

530-32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).

The Clerk will be directed to assign a civil number to the Rule 60(d) Motion (ECF No. 470), file it as a motion pursuant to § 2255, and then terminate that new civil action. Because the Fourth Circuit has not authorized this Court to entertain Sovereignty's successive § 2255 motion, the motion (ECF No. 470) will be dismissed without prejudice for want of jurisdiction. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Sovereignty and counsel of record.

It is so ORDERED.

Date: ~~February~~ March 23, 2023
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge